IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 1 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| SIERRA CLUB,<br>85 Second Street, 2nd Floor<br>San Francisco, CA 94105,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN L. JOHNSON, in his<br>official capacity as Administrator,<br>United States Environmental<br>Protection Agency<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460<br><br>Defendant. | Case: 1:07-cv-01040<br>Assigned To : Huvelle, Ellen S.<br>Assign. Date : 6/11/2007<br>Description: General Civil |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO
42 U.S.C. § 7604.**

Plaintiff, Sierra Club, complains of Defendant, Stephen L. Johnson, as follows:

## INTRODUCTION

1. This is a civil action for declaratory and injunctive relief, with costs and fees, under the Clean Air Act ("the Act" or "CAA"), 42 U.S.C. §§ 7401, *et seq.*

2. Sierra Club seeks an order requiring the Defendant, the Administrator of the Environmental Protection Agency ("Administrator"), to perform his non-

discretionary duty to grant or deny a petition submitted by the Sierra Club to the Administrator pursuant to CAA § 505(b)(2), 42 U.S.C. §§ 7661d(b)(2).

3. On November 21, 2006, Sierra Club petitioned the Administrator, pursuant to Clean Air Act § 505(b)(2) and 40 C.F.R. § 70.8(d), to object to the proposed revised Title V operating permit for the Weston Generating Station in Marathon County, Wisconsin (Source I.D. 737009020; Permit 737009020-P02) ("the Petition").

4. On December 13, 2006, the United States Environmental Protection Agency ("U.S. EPA") responded by letter stating that it had received the petition, that it was "giving the issues raised in this petition serious consideration and a thorough review."

5. Pursuant to CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2), the Administrator was required to grant or deny the Petition within 60 days.

6. More than 60 days has passed since the Petition was filed with the Administrator.

7. To date, the Administrator has not issued or denied the Petition.

## PARTIES

8. Sierra Club is an incorporated, not-for-profit organization that has its headquarters at 85 Second Street, 2nd Floor, San Francisco, California. It keeps a Midwest Field Office located at 122 West Washington Avenue, Suite 830, Madison, Wisconsin. Its purpose is to preserve, protect, and enhance the natural environment. The mission of the Sierra Club is to influence public, private, and corporate policies

through programs at the local, state, national, and international levels. Sierra Club has over 800,000 members nationwide, including in the state of Wisconsin.

9. Sierra Club's members live, work, and recreate around the Weston Generating Station in Marathon County, Wisconsin. Sierra Club's members breathe, use, and enjoy the ambient air around the area of the plant. Their health and use of the air is impaired by the pollution in the air caused by the plant. Sierra Club's members are directly harmed by the Administrator's delay in responding to the Petition.

10. The Petition seeks an objection based, *inter alia*, on unlawful pollution increases. The Administrator's delay in responding to the petition has had or will have the likely effect of allowing unlawful emissions into the ambient air that is breathed by Sierra Club members.

11. Additionally, Sierra Club and its members would further participate in the public processes provided for by Congress in the Clean Air Act if the Administrator would timely respond to the Petition. For example, Sierra Club and its members have the right to petition for judicial review of the Administrator's final decision and to enforce the final permit terms once issued. The Administrator's failure to respond to the Petition negatively affects Sierra Club's procedural rights under the CAA.

12. Further still, the permit at issue should require additional pollution monitoring, recordkeeping, and reporting. Sierra Club regularly reviews such monitoring, recordkeeping, and reporting and has specific plans to review the monitoring, recordkeeping, and reporting for the Weston Generating Station power

plant once the Administrator objects to the permits and requires the necessary additional monitoring, reporting and recordkeeping. The Administrator's failure to timely grant the Petition injures Sierra Club because Sierra Club does not have access to all required monitoring, recordkeeping and reporting that will be required once the Administrator grants the Petition.

13. The Defendant is the Administrator of the United States Environmental Protection Agency ("U.S. EPA"). The Administrator is responsible for directing the activities of the U.S. EPA and implementing the requirements of the CAA. Specifically, the Administrator is statutorily required to respond to petitions under CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2).

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 42 U.S.C. § 7604(a), 28 U.S.C. § 1331, and 28 U.S.C. § 2201. The relief requested by the Plaintiffs is authorized by statute in 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 7604.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because the Defendant resides within the District of Columbia and a substantial portion of the events or omissions giving rise to the claim occurred in the District of Columbia.

## NOTICE

16. Sierra Club gave notice pursuant to and in compliance with the requirements in CAA § 304(b)(2), 42 U.S.C. § 7604(b)(2), and 40 C.F.R. Part 54. Sierra Club notified the Administrator of its intent to file this action through an April 4, 2007, Notice of Intent to Sue Pursuant to § 304(b)(2) of the Clean Air Act.

17. The Notice of Intent was sent, via certified mail, to all required recipients and postmarked on April 4, 2007.

18. More than 60 days have passed since Sierra Club provided its Notice of Intent to File Suit to the Administrator and others.

19. The Defendant has neither granted nor denied Sierra Club's petition at issue. Thus, upon information and belief, the Defendant's failure to perform his nondiscretionary duty to grant or deny Sierra Club's petitions is ongoing and will continue until enjoined and restrained by this Court.

## COUNT 1

20. On or about July 17, 2006, Sierra Club submitted timely public comments to the Wisconsin Department of Natural Resources ("WDNR") regarding a major revision to the Weston Generating Station Title V permit.

21. WDNR submitted the proposed revised Title V Operating Permit for the Weston Generating Station to the U.S. EPA on or about September 3, 2006. This submission commenced a 45-day period for the EPA to review the permit pursuant to CAA § 505(b)(1), 42 U.S.C. § 7661d(b)(1).

22. Upon the information and belief of Sierra Club, the Administrator did not object to the proposed revised operating permit within the 45-day period provided by CAA § 505(b)(1), 42 U.S.C. § 7661d(b)(1).

23. On September 21, 2006, within the 60-day petition period provided by CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2), Sierra Club petitioned the Administrator to object to the permit.

24. Sierra Club provided a copy of their petition to the applicant, pursuant to CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2).

25. Pursuant to CAA § 505(b), the Administrator had 60 days to grant or deny the Sierra Club's petition. This 60-day period expired on or about November 20, 2006.

26. The Administrator's duty to grant or deny Sierra Club's petition within 60 days is not discretionary.

27. As of the date of this Complaint, the Administrator has not granted or denied Sierra Club's petition as to the Weston Generating Station revised permit.

28. The CAA provides Sierra Club with a cause of action to compel the Administrator's non-discretionary duty to grant or deny Sierra Club's timely petition in CAA § 304(a), 42 U.S.C. § 7604(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sierra Club respectfully prays for this Court to:

A. Declare that the Administrator has a non-discretionary duty to grant or deny Sierra Club's petition within 60 days of such petition;

B. Declare that the Administrator's failure to grant or deny Sierra Club's petition within 60 days is a violation of CAA § 505(b), 42 U.S.C. § 7661d(b);

C. Order the Administrator to grant or deny the Sierra Club's petition;

D. Award the Sierra Club the costs of this action, with reasonable attorney fees, pursuant to CAA § 304(d), 42 U.S.C. § 7604(d); and

E. Grant such other relief as is just and proper.

Dated: June 6, 2007

Attorneys for Plaintiffs.

GARVEY MCNEIL & MCGILLIVRAY, S.C.

David C. Bender
D.D.C. Bar. No. WI
634 W. Main Street, Suite 101
Madison, WI 53703
Tel. (608) 256-1003
Fax (608) 256-0933
bender@gmmattorneys.com

07-1040
ESH

# CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Sierra Club

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF — Dane
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David C. Bender
Garvey McNeil & McGillivray, S.C.
634 W. Main Street, Suite 101
Madison, WI 53703
(608) 256-1003

## DEFENDANTS
Stephen L. Johnson, in his official capacity as Administrator, United States Environmental Protection Agency

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

Case: 1:07-cv-01040
Assigned To : Huvelle, Ellen S.
Assign. Date : 6/11/2007
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ⊙ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*
☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

⊙ **E.** *General Civil (Other)*    OR    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Citizen suit to compel non discretionary duty of Environmental Protection Agency Administrator under the Clean Air Act, pursuant to 42 USC 7604

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE June 6, 2007   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.