IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEPHEN L. JOHNSON, in his official )<br>capacity as Administrator, United States )<br>Environmental Protection Agency, )<br>)<br>Defendant. )<br>) | FILED<br>NOV 0 7 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT<br><br>Civ. No. 1:07-cv-01040 (ESH) |

## CONSENT DECREE

WHEREAS, Plaintiff Sierra Club has submitted, pursuant to section 505(b)(2) of the Clean Air Act, 42 U.S.C. § 7661d(b)(2), an administrative petition to the Administrator of the U.S. Environmental Protection Agency ("EPA"), requesting that he object to the revised Title V operating permit proposed by the Wisconsin Department of Natural Resources for the Weston Generating Station in Marathon County, Wisconsin;

WHEREAS, the Complaint in this case alleges that EPA has a nondiscretionary duty under Clean Air Act section 505(b)(2) to respond within 60 days of the filing of the petition regarding the Weston Generating Station, and that EPA has not done so;

WHEREAS, the Plaintiff contends that it is entitled, pursuant to Clean Air Act section 304(d), 42 U.S.C. § 7604(d), to an award of its costs of litigation (including reasonable attorneys' fees) with respect to the claims asserted in the above-captioned matter;

WHEREAS, Plaintiff and EPA (collectively the "Parties") wish to effect a settlement of

the above-captioned matter, including Plaintiff's claims for costs of litigation and reasonable attorneys' fees, without expensive and protracted litigation;

WHEREAS, the Parties have agreed to a settlement without admission of any issue of fact or law;

WHEREAS, by entering into this Decree, the Parties do not waive or limit any claim or defense, on any grounds, related to any final EPA action approving, disapproving, and/or modifying, revoking or terminating the Title V permit for the Weston Generating Station;

WHEREAS, the Parties consider this Decree to be an adequate and equitable resolution of all of the claims in the above-captioned matter; and

WHEREAS, the Court, by entering this Decree, finds that the Decree is fair, reasonable, in the public interest, and consistent with the Clean Air Act, 42 U.S.C. §§ 7401-7671q.

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ordered, adjudged and decreed that:

1.  EPA shall sign a response to Plaintiff's petition, pursuant to 42 U.S.C. § 7661d(b)(2), for the Weston Generating Station by December 19, 2007. Once EPA signs the response, EPA shall provide a copy of the response to the Plaintiff within five business (5) days.

2.  By January 22, 2008, EPA shall deliver notice of such response to the Office of the Federal Register for prompt publication. Following such delivery to the Office of the Federal Register, EPA shall not take any step (other than as necessary to correct within 10 business days after submittal any typographical or other errors in form) to delay or otherwise interfere with publication of such notice in the Federal Register.

3. The United States shall pay $4898.00 to the Plaintiff by electronic funds transfers to the account provided by Plaintiff's counsel.

4. The Parties may extend the deadline in Paragraph 1, or otherwise modify this Decree, by written stipulation executed by counsel for the Parties and filed with the Court.

5. Nothing in this Decree shall be construed to limit or modify the discretion accorded EPA by the Clean Air Act and by general principles of administrative law, including the discretion to alter, amend or revise any responses and/or final actions contemplated by this Decree. EPA's obligation to perform the action specified in Paragraphs 1 and 2 by the time specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

6. Nothing in this Decree shall be construed to confer upon the district court jurisdiction to review any decision, either procedural or substantive, to be made by EPA pursuant to this Decree. Nothing in this Decree shall be construed to confer upon the district court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to sections 307(b)(1) and 505 of the Clean Air Act, 42 U.S.C. §§ 7607(b)(1), 7661d.

7. The obligations imposed upon EPA under this Decree can only be undertaken using appropriated funds. No provision of this Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable federal law.

8. Plaintiff agrees that payment pursuant to Paragraph 3 shall be in complete settlement of all claims for litigation costs, including reasonable attorneys' fees, under any provision of law they have asserted or could have asserted in connection with the above-captioned matter up until the date of the filing of this consent order. Upon payment as provided in Paragraph 3, Plaintiff

discharges and covenants not to sue the United States, including EPA, for any claims regarding such fees and costs up until the date of filing of this consent order. The parties agree that Plaintiff reserves the right to seek additional attorney fees and costs incurred subsequent to the date of filing of this consent order to enforce or defend against efforts to modify this consent order.

9.  Any notices required or provided for by this Decree shall be made in writing, via facsimile or other means, and sent to the following:

For Plaintiff:

David C. Bender
Garvey, McNeil, & McGillivray, S.C.
634 W. Main Street, Suite 101
Madison, WI 53703
Tel. (608)256-1003
Fax. (608)256-0933
Email: bender@gmmattorneys.com


For Defendant:

Mary Edgar
Catherine Wannamaker
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, DC 20004 -3986
Tel:  (202)514-9365
Fax:  (202)514-8865
E-mail: catherine.wannamaker@usdoj.gov

Howard Hoffman
Paul Versace
Office of General Counsel
U.S. Environmental Protection Agency
Ariel Rios Bldg., MC 2377A
1200 Pennsylvania Ave., N.W.
Washington, DC 20460
Fax: (202) 564-5603

E-mail: hoffman.howard@epa.gov

10. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Decree, the disputing party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed-upon resolution within five (5) business days after receipt of the notice, any party may move the Court to resolve the dispute.

11. Subject to the process set out in Paragraph 10,

(a) this Court shall retain jurisdiction over the above-captioned matter for the purpose of enabling the Parties to apply to the Court for any further orders that may be necessary to construe, implement or enforce compliance with the terms and conditions set forth in this Decree; and

(b) the Court may modify the obligations of this Decree upon motion by any Party to the Consent Decree pursuant to the Federal Rules of Civil Procedure.

12. No motion or other proceeding seeking to enforce this Decree or for contempt of Court shall be properly filed, unless the Plaintiff has followed the procedure set forth in Paragraph 10 and provided EPA with written notice received at least five business days before the filing of such motion or proceeding.

13. When EPA's obligations under Paragraphs 1, 2, and 3 have been completed, the above-captioned matter shall be dismissed with prejudice. EPA shall file the appropriate notice with the Court so that the Clerk may dismiss the case with prejudice.

14. The obligations of this Decree and this Court's jurisdiction over this case shall terminate upon completion of all requirements of this Decree.

15. The undersigned representatives of each Party certify that they are fully authorized by the Party that they represent to bind that Party to the terms of this Decree.

**COUNSEL FOR PLAINTIFF:**

Dated: November 6, 2007

                                                Respectfully submitted,

                                                _____/s/_____
David C. Bender
Garvey, McNeil, & McGillivray, S.C.
634 W. Main Street, Suite 101
Madison, WI 53703
Tel. (608)256-1003
Fax. (608)256-0933
Email: bender@gmmattorneys.com

**COUNSEL FOR DEFENDANT:**

Dated: November 6, 2007

                                        Ronald J. Tenpas
                                        Acting Assistant Attorney General
                                        Environment & Natural Resources Division

                                        _____/s/_____
                                        Catherine Wannamaker
                                        United States Department of Justice
                                        Environment & Natural Resources Division
                                        Environmental Defense Section
                                        P.O. Box 23986
                                        Washington, DC 20004 -3986


                                        Howard Hoffman
                                        Paul Versace
                                        Office of General Counsel
                                        U.S. Environmental Protection Agency
                                        Ariel Rios Bldg., MC 2377A
                                        1200 Pennsylvania Ave., N.W.
                                        Washington, DC 20460


**IT IS SO ORDERED.**

Dated: __Nov. 6__, 2007

                                        _____
                                        Ellen S. Huvelle
                                        U.S. District Judge